Immanuel J. Herrmann
Daniel A. Frishberg
*Pro Se Customer-Appellees*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Bankruptcy Appeal |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 1:23-CV-03920-JHR |
| | ) | |
| Customer-Appellees. | ) | |
| | ) | |

**NOTICE OF INTERVENTION PURSUANT TO 11 U.S.C. § 1109 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 8013(G)**

Immanuel J. Herrmann and Daniel A. Frishberg, Celsius Network LLC, *et al., pro se* customers who were parties to this matter in the Bankruptcy Court and have filed a conditional cross-appeal that we intend to move forward with if the appeal is not dismissed by the District Court, hereby file this notice of intervention as a matter of right, pursuant to 11 U.S.C. § 1109 and Federal Rule of Bankruptcy Procedure 8013(g).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

We hereby intervene to be heard in any and all matters related to this appeal, including but not limited to the right to file a Motion to Dismiss this appeal and to file a brief if the Series B Preferred Holders are granted leave to appeal but, for some reason, we are not granted leave to cross-appeal.[2]

The order on appeal directly affects our pecuniary interests. We are customers (and creditors) who are "aggrieved persons" under the strictest of tests, making us appellees by right, should this appeal move forward. *In re Johns-Manville, Corp.*, 843 F.2d 636, 642 (2d Cir. 1988); *accord In re Gucci*, 126 F.3d 380, 388 (2d Cir. 1997). We have a direct pecuniary interest in this litigation because we filed timely proofs of claim forms asserting contract and non-contract claims against all Celsius entities, including the entities that the Series B Preferred Holders contend we do not have claims against. We were selected as "bellwether claimants" by Celsius—meaning, without the Customer Class Claims process that the Series B Preferred Holders are trying to overturn, we are going to have to defend ***our own*** non-contract claims against Celsius on an individual basis, as our claims will be used, indirectly, as the basis or precedent for other creditors' non-contract claims.[3]

---

[2] We contend that if leave is granted to the Series B Preferred Holders for an interlocutory appeal, there are due process issues in not letting us cross-appeal. But we will cross that bridge when we get there. Bare minimum, we intend to file a response brief as appellees if this appeal moves forward, as is our statutory right, pursuant to 11 U.S.C. § 1109 and Federal Rule of Bankruptcy Procedure 8013(g).
[3] See *Response to the Motion of the Official Committee of Unsecured Creditors (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party*

We, the Debtors, and the UCC agreed to put the "bellwether claims" process on hold, *in lieu* of the Class Claims process that the Series B Preferred Holders are now attempting to disturb with this appeal. The Series B Preferred Holders, who filed this interlocutory appeal (without asking for leave), also sought to intervene in the litigation related to the bellwether claims process we were participating in.[4]

Not only do personally we stand to potentially lose (or have to litigate on our own) our non-contract claims against Debtor affiliates aside from Celsius Network LLC if the Court disturbs this decision, but, if non-contract claims are resolved by the "bellwether claims" process, as the Series B Preferred Holders want we may have to hire our own individual counsel (which we cannot afford to do), or else spend hundreds of hours *without compensation* (otherwise risk letting everyone else down) litigating *pro se* or else raise *ad hoc* committee dollars to represent us, be the target of depositions or other invasive discovery by the Series B Preferred Holders, and a myriad of possibilities that would impact us financially and impact

---

*Fiduciary to Assert a Class Claim on Behalf of Account Holders,* Bkr. Dkt. No. 2476 and *Joinder to Ignat Tuganov's Response–and Rebuttal to the Series B Preferred Holders' Objection–to the Motion of the Official Committee of Unsecured Creditors (i) For Authority to FIle a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (ii) to Appoint a Third-Party Fiduciary to Assert a Class Claim on Behalf of Account Holders,* Bkr. Dkt. No. 2482, in particular, pp.17-19 for a possible scheduling order for "Bellwether Claims."

[4] We reserve all rights to object to the appropriateness of, and standing of, the Series B Preferred Holders to participate in bellwether litigation if it starts up again in some form in the future.

our lives profoundly in other ways.[5]

We were already parties to this litigation in the bankruptcy Court, and we filed a Cross Motion for Leave for appeal (should leave be granted, which we oppose.)

Intervention is being sought at this stage of the proceeding because we are filing to dismiss this appeal and reserve the right to file a brief as joint appellees if leave is granted to the Series B Preferred Holders, even if our leave for cross-appeal is not granted. (To be clear, leave to appeal should **not** be granted, as this is clearly an interlocutory order, and granting leave would only prolong this bankruptcy, to the detriment of customers, as well as the other numerous reasons the UCC laid out in their Motion To Dismiss).

Participating as an *amicus curiae* would not be adequate because an amicus curiae cannot file a Motion to Dismiss. It would also not be adequate because of issues of standing. The Series B Preferred Holders intend to bring up issues implicating what standing the UCC does or does not have, such as their argument that "the Committee cannot act on behalf of individual creditors and even though

---

[5] We reserve all rights with respect to the class claims process for contract claims and non-contract claims, since we are waiting to find out the final details of the class claims process. However, we are 100% against this frivolous, meritless, value-destroying appeal. It needs to be dismissed.

the Committee is not and cannot be a class member." Therefore, we need to preserve *full* standing to have our Motion to Dismiss, and our brief in this matter, stand on its own, and be speaking for ourselves, *not merely* supporting the Committee of Unsecured Creditors, to overcome any issues of standing the Series B Preferred holders try to raise.

Because we have not yet gotten leave to cross-appeal—nor can we yet because the Preferred have not first filed for leave *at all* (but *should* have done so and we should not, and arguably cannot, be punished for their failure)—we need to intervene to file to dismiss, i.e. to remedy their failure to file for leave, which should be **DENIED**. Filing a Motion to Dismiss using our "pure" standing as customers, creditors, *and* bellwether claimants who have a **direct, pecuniary, *individualized*** interest in this matter, is different and distinct from the Committee of Unsecured Creditors, and we intend to fully contribute our standing to this effort to dismiss this appeal or, in the alternative, to defeat it.

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This document complies with the type-volume limit of Federal Rule of Bankruptcy Procedure 8013(f)(3)(A) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains less than 5,200

words. This document complies with the typeface and type-style requirements of Federal Rule of Bankruptcy Procedure 8013(f)(2) because this document has been prepared in proportionally spaced typeface using Google Docs in 14-point Times New Roman font.

Respectfully submitted,

| | |
|---|---|
| Daniel Frishberg, *Pro Se* | Immanuel Herrmann, *Pro Se* |
| June 5, 2023 | June 5, 2023 |
| /s/*Daniel A. Frishberg* | /s/*Immanuel Herrmann* |
| Santa Clara County, California | Silver Spring, Maryland |

# CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rule of Bankruptcy Procedure 8013(g), on Monday, June 5, 2023, a true and correct copy of the *Notice of Intervention Pursuant to 11 U.S.C. § 1109 and Federal Rule of Bankruptcy Procedure 8013(g)* and the *Customer-Appelleees' Motion to Dismiss This Appeal* were served upon parties to the appeal as follows, and upon the Bankruptcy Court's Core/2002 Service list:

    Dennis F. Dunne - ddunne@milbank.com
    Nelly Almeida - nalmeida@milbank.com
    Andrew M. Leblanc - aleblanc@milbank.com
    Melanie Westover Yanez - mwyanez@milbank.com
    Joshua M. Mester - jmester@jonesday.com
    David M. Turetsky - DAVID.TURETSKY@whitecase.com
    Kimberly A. Havlin - kim.havlin@whitecase.com
    Samuel P. Hershey - SAM.HERSHEY@whitecase.com
    Michael C. Andolina - MANDOLINA@whitecase.com
    Gregory F. Pesce - GREGORY.PESCE@whitecase.com
    Keith H. Wofford - kwofford@whitecase.com
    Aaron E. Colodny - AARON.COLODNY@whitecase.com
    Joshua A. Sussberg, P.C. - jsussberg@kirkland.com
    Patrick J. Nash, Jr., P.C. - Patrick.nash@kirkland.com
    Ross M. Kwasteniet, P.C. - ross.kwasteniet@kirkland.com
    Christopher S. Koenig - chris.koenig@kirkland.com
    Dan Latona - dan.latona@kirkland.com
    Jeffrey S. Sabin - jssabin@venable.com
    Carol Weiner Levy - cweinerlevy@venable.com
    Arie Peled - AAPeled@venable.com
    Andrew J. Currie - AJCurrie@venable.com
    Michael S. Etkin - metkin@lowenstein.com
    Philip Kherzi - pkhezri@lowenstein.com
    Andrew Behlmann - abehlmann@lowenstein.com
    Shara Cornell - SHARA.CORNELL@usdoj.gov
    Mark Bruh - Mark.Bruh@usdoj.gov
    Brian Masumoto - brian.masumoto@usdoj.gov


    */s/ Immanuel Herrmann*
    Immanuel Herrmann
    *Pro Se*
    June 5, 2023