Case No. 1:23-CV-03920-JHR

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re Celsius Network LLC, *et al.*,

*Debtors.*

Community First Partners, LLC,
Celsius SPV Investors, LP,
Celsius New SPV Investors, LP, and
CDP Investissements Inc.

*Appellants,*

v.

Official Committee of Unsecured Creditors

*Appellees,*

Immanuel Herrmann and Daniel Frishberg

*Cross-Appellants.*

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CHAPTER 11 CASE NO. 22-10964 (MG)

**APPELLANTS' RESPONSE TO
CROSS-APPELLANTS' MOTION TO DISMISS THIS APPEAL**

| | | |
|---|---|---|
| Dennis F. Dunne | Andrew M. Leblanc | Joshua M. Mester (*pro hoc* |
| Nelly Almeida | Melanie Westover Yanez | *vice* application forthcoming) |
| Milbank LLP | Milbank LLP | Jones Day |
| 55 Hudson Yards | 1850 K Street NW | 555 South Flower Street |
| New York, NY 10001 | Suite 1100 | Fiftieth Floor |
| Tel: (212) 530-5000 | Washington, D.C. 20006 | Los Angeles, CA 90071 |
| | Tel: (202) 835-7500 | Tel: (213) 489-3939 |

*Counsel for Appellants*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... iii

ARGUMENT ........................................................................................................................... 2

A.  The Arguments Contained in the *Motion to Dismiss* Are Baseless ................................... 3

  1.  Appellants Properly Appeal the Class Claim Order .............................................. 4

    a.  The Class Claim Order Is a Final Order ...................................................... 4

    b.  Appellants Have Standing to Appeal the Class Claim Order ..................... 5

B.  Appellants Reserve their Rights to Respond to Cross-Appellants' Arguments on the Issues on Appeal ................................................................................................................ 6

C.  Appellants Have Agreed to Voluntarily Dismiss the Appeal Without Prejudice ............... 7

CONCLUSION ........................................................................................................................ 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re Bally Total Fitness of Greater New York, Inc.*,
   411 B.R. 142 (S.D.N.Y. 2009) ...................................................................................4, 5

*Banco Popular De P.R. v. Torres (In re Torres)*,
   Nos. PR 10-036, 09-09187-ESL, 2011 WL 4592029 (B.A.P. 1st
   Cir. Jan. 19, 2011) ...........................................................................................................4

*In re Celsius Network LLC*,
   649 B.R. 87 (Bankr. S.D.N.Y. 2023) ..............................................................................6

*In re Chamberlain*,
   555 B.R. 14 (Bankr. D. Colo. 2016) ...............................................................................3

*In re Chaparral Energy, Inc.*,
   No. BR 16-11144 (LSS), 2019 WL 4643849 (D. Del. Sept. 24,
   2019) .....................................................................................................................3, 4, 5

*Chateaugay Corp. v. Iles*,
   930 F.2d 245 (2d Cir. 1991) ............................................................................................5

*Gentry v. Circuit City Stores, Inc. (In re Circuit City Stores, Inc.)*,
   439 B.R. 652 (E.D. Va. 2010) ........................................................................................5

*In re Gucci*,
   126 F.3d 380 (2d Cir. 1997) ............................................................................................5

*In re Johns-Manville, Corp.*,
   843 F.2d 636 (2d Cir. 1988) ............................................................................................5

*In re Old Mkt. Grp. Holdings Corp.*,
   647 B.R. 104 (Bankr. S.D.N.Y. 2022) ............................................................................4

*Pilch v. Bareham*,
   No. 1:08-CV-272, 2008 WL 2758351 (W.D. Mich. July 14, 2008) ...............................4

*In re Thiessen*,
   No. 18-23176 (RDD), 2020 WL 62607 (Bankr. S.D.N.Y. Jan. 3,
   2020) ........................................................................................................................4

**Statutes**

18 U.S.C. § 1292 ................................................................................................................5

28 U.S.C. § 157 ..................................................................................................................4

28 U.S.C. § 158 ...............................................................................................................4, 5

Bankruptcy Rule 7023 .....................................................................................................4, 5

Federal Rule of Civil Procedure 23 .................................................................................3, 7

Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. (collectively, the "Series B Preferred Holders" or "Appellants"), as beneficial holders, or investment advisors or managers of beneficial holders, of Series B Preferred Shares issued by Celsius Network Limited ("CNL" and, together with its above-captioned affiliates, the "Debtors"), by and through their undersigned counsel, respectfully submit this response in the above-captioned appeal (the "Appeal") to the *Cross-Appellants' Motion to Dismiss this Appeal* [Dkt. No. 9] (the "Motion to Dismiss").

On June 12, 2023, Appellants and Cross-Appellants entered into and filed with the Court a *Joint Stipulation of Voluntary Dismissal* [Dkt. No. 13] (the "Joint Stipulation"), whereby Appellants and Cross-Appellants stipulated to dismiss the Appeal without prejudice to Appellants' or Cross-Appellants' rights to raise any of the issues presented in the Appeal in any future appeal from a future order of Bankruptcy Court. Similarly, on June 12, 2023, Appellants and the Official Committee of Unsecured Creditors (the "Committee") also entered into a stipulation whereby Appellants and the Committee stipulated ("Committee Stipulation") to dismiss the Appeal without prejudice to Appellants' rights to raise any of the issues presented in the Appeal in any future appeal from a future order of Bankruptcy Court. *See Joint Stipulation of Voluntary Dismissal* [Dkt. No. 12].

Appellants believe that the Committee Stipulation and Joint Stipulation, if entered by the Court, dispose of the Motion to Dismiss, as well as the Appeal in its entirely. To the extent the Court disagrees with any joint stipulation of voluntary dismissal, Appellants respond to the Motion to Dismiss as follows:

## ARGUMENT

Appellants properly appeal the *Order Granting the Motion of the Official Committee of Unsecured Creditors (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert Non-Contract Claims on Behalf of Account Holders* [Bankr. Dkt. No. 2496] (the "Class Claim Order"). Pursuant to the Class Claim Order, the Bankruptcy Court granted the Committee's request for authority to file an unspecified class claim on behalf of unspecified account holders against unspecified Debtors without a pending adversary proceeding or contested matter. *See* Class Claim Order; *Motion of the Official Committee of Unsecured Creditors (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert a Class Claim on Behalf of Account Holders* [Bankr. Dkt. No. 2399] (the "Class Claim Motion") ¶ 13. In an unprecedented move, the Bankruptcy Court granted the Committee—which is neither a creditor nor a potential class member itself—the authority to file the class claim without detailing the class claim. The Bankruptcy

Court thus had no ability to analyze whether granting such authority would adversely affect the administration of the chapter 11 cases or whether the claim could satisfy the requirements of Federal Rule of Civil Procedure 23.  This Court can properly hear the Appeal and determine that the Class Claim Order should be reversed.  *See, e.g.*, *In re Chaparral Energy, Inc.*, No. BR 16-11144 (LSS), 2019 WL 4643849, at *11 (D. Del. Sept. 24, 2019) (hearing appeal as of right of bankruptcy court's decision to permit a class claim).

Notwithstanding this Court's authority to hear the Appeal of the Class Claim Order by right, in light of the fact that the Committee has now filed the class claim and a motion for class certification, and the anticipated schedule for determination of that motion, for the sake of efficiency, Appellants have stipulated to voluntary dismissal without prejudice of the pending Appeal.

### A.	The Arguments Contained in the *Motion to Dismiss* Are Baseless

Cross-Appellants "incorporate by reference all arguments" contained in the *Appellee Official Committee of Unsecured Creditors' Motion to Dismiss this Appeal* [Dkt. No. 4] (the "Committee Motion to Dismiss).  *See* Motion to Dismiss at 2.  As set forth in the *Appellants' Response to Appellee Official Committee of Unsecured Creditors' Motion to Dismiss this Appeal* [Dkt. No. 11], these arguments are baseless.

1.  Appellants Properly Appeal the Class Claim Order

Appellants properly appeal the Class Claim Order because the Class Claim Order is a final order, appealable by right pursuant to 28 U.S.C. § 158(a)(1) and Appellants have standing to appeal the Class Claim Order.

a.  *The Class Claim Order Is a Final Order*

The Order *is* a final order, appealable as of right under 28 U.S.C. § 158(a)(1).[1] District courts commonly hear appeals of a bankruptcy court order determining whether to allow the filing of a class proof of claim pursuant to 28 U.S.C. § 158(a)(1). *See, e.g., In re Chaparral Energy, Inc.*, 2019 WL 4643849, at *11 (concluding that the bankruptcy court's decision to grant a request to apply Bankruptcy Rule 7023—which allows class actions in federal bankruptcy adversary proceedings—to class claim was a final judgment that the district court was authorized to review pursuant to 28 U.S.C. § 158(a)(1)); *see also In re Bally Total Fitness of Greater New York, Inc.*, 411 B.R. 142 (S.D.N.Y. 2009) (hearing

---

[1] *See, e.g., In re Thiessen*, No. 18-23176 (RDD), 2020 WL 62607, at *1 (Bankr. S.D.N.Y. Jan. 3, 2020) ("Under 28 U.S.C. § 157(b)(2)(B), the claim objection is a core proceeding which the Court may determine by final order."); *In re Old Mkt. Grp. Holdings Corp.*, 647 B.R. 104, 110 (Bankr. S.D.N.Y. 2022) (same); *see also In re Chamberlain*, 555 B.R. 14, 22 (Bankr. D. Colo. 2016) ("In the bankruptcy context, it is well-established that '[a]n order on an objection to a claim is a final order for purposes of 28 U.S.C. § 158(a)(1).'") (citing *In re Geneva Steel Co.*, 260 B.R. 517, 520 (B.A.P. 10th Cir. 2001)); *Banco Popular De P.R. v. Torres (In re Torres)*, Nos. PR 10-036, 09-09187-ESL, 2011 WL 4592029, at *3 (B.A.P. 1st Cir. Jan. 19, 2011) ("An order sustaining an objection to a claim is a final appealable order."); *Pilch v. Bareham*, No. 1:08-CV-272, 2008 WL 2758351, at *5 (W.D. Mich. July 14, 2008) ("Courts in the Sixth Circuit have repeatedly held that an order overruling an objection to a claim is a final order.").

appeal of bankruptcy court order determining whether Bankruptcy Rule 7023 applied to class claim, without requiring leave to appeal); *Gentry v. Circuit City Stores, Inc. (In re Circuit City Stores, Inc.)*, 439 B.R. 652 (E.D. Va. 2010) (same).

To the extent the Cross-Appellants, through the adoption of the Committee Motion to Dismiss, rely on *Chateaugay*, it was decided nearly twenty years before the more recent district court decisions on the issue and is inapposite. In *Chateaugay*, the Second Circuit predicated its jurisdiction on 18 U.S.C. § 1292 certification of a non-final district court decision. *See Chateaugay Corp. v. Iles*, 930 F.2d 245, 247-48 (2d Cir. 1991). The court did not consider whether the order was a final order appealable as of right other than under 28 U.S.C. § 158(d) and 18 U.S.C. § 1292. Neither of those provisions contemplate district court jurisdiction of appeals. *See id.* at 248.

Here, like in *In re Chaparral Energy, Inc.*, *In re Bally Total Fitness of Greater New York, Inc.*, and *In re Circuit City Stores, Inc.*, the Bankruptcy Court made a final determination to grant the Committee authority to pursue a class claim, which decision is appealable as of right.

      b.    *Appellants Have Standing to Appeal the Class Claim Order*

The Order "directly affects [Appellants'] pecuniary interests." *In re Johns-Manville, Corp.*, 843 F.2d 636, 642 (2d Cir. 1988); *see In re Gucci*, 126 F.3d 380, 388 (2d Cir. 1997). Indeed, given the Bankruptcy Court's decision on customer

claims liability (*see Memorandum Opinion Regarding Which Debtor Entities Have Liability for Customer Claims Under the Terms of Use* [Bankr. Dkt. No. 2205]), account holders have no claims against CNL and Appellants, equity holders at CNL, stand to recover in full.  If, however, the Committee is permitted to proceed on an unmeritorious class claim against CNL, it stands to devastate recovery for Appellants in addition to imposing the significant litigation costs Appellants will incur fighting a claim (and class certification) where it should never have been permitted.  *See In re Celsius Network LLC*, 649 B.R. 87, 91 (Bankr. S.D.N.Y. 2023) (noting because customers are free to pursue fraud claims against the Debtors, the Series B Preferred Holders may recover nothing from the Debtors despite their customer claims liability victory).

### B. Appellants Reserve their Rights to Respond to Cross-Appellants' Arguments on the Issues on Appeal

Cross-Appellants argue at length that Appellants are precluded from objecting to the Committee's ability to file a class claim on behalf of individual creditors.  *See* Motion to Dismiss at 2-19.  Whether the Bankruptcy Court should have permitted the Committee to file a class claim on behalf of certain individual creditors, even though the Committee cannot act on behalf of individual creditors and even though the Committee is not and cannot be a class member, is an issue on appeal.  *See Appellants' Designation of the Record and Statement of Issues to be Presented on Appeal* (the "Statement of Issues") [Bankr. Dkt. No. 2651] at 12; *see*

*also Series B Preferred Holders' Objection to the Motion of the Official Committee of Unsecured Creditors (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert a Class Claim on Behalf of Account Holders* (the "Class Claim Objection") [Bankr. Dkt. No. 2467] ¶¶ 7-10, 32-38.  Appellants reserve their rights to respond at the appropriate time to this and any and all other arguments on the issues on appeal raised in the Motion to Dismiss.

### C. Appellants Have Agreed to Voluntarily Dismiss the Appeal Without Prejudice

Appellants contend the Bankruptcy Court erred in permitting the Committee to file a class claim where the claim did not satisfy the class certification requirements of Federal Rule of Civil Procedure 23.  *See* Statement of Issues at 12; *see also* Class Claim Objection ¶¶ 23-31.  Specifically, Appellants maintain the Bankruptcy Court erred in permitting a class claim where the Committee, in the Class Claim Motion, failed to describe the scope of the class, the proposed class claims to be asserted, the Debtors against which the class claims would be asserted, or how all 600,000 account holder creditors, located worldwide, who had deposited assets at various points in time, were likely to have common issues of law and fact

to predominate any claim asserted on behalf of a class.[2]  *See* Statement of Issues at 12; *see also* Class Claim Objection ¶¶ 23-31.

At this point, the Committee has filed the putative class claim and a motion for class certification, which is to be litigated quickly pursuant to a schedule agreed by the parties.  *See Proof of Claim* [Dkt. No. 2556]; *Motion of the Official Committee of Unsecured Creditors to (I) Certify the Class of Account Holders Asserting Non-Contract Claims Against the Debtors, (II) Appoint Thomas DiFiore, Rebecca Gallagher, and Ignat Tuganov as the Class Representatives, and (II) Appoint White & Case LLP as Class Counsel, in Each Case Pursuant to Bankruptcy Rule 7023* [Bankr. Dkt. No. 2670]; Class Claim Order at 2.  Resolution of class certification may very well precede resolution of this Appeal.  *See* Class Claim Order at 2.  Accordingly, notwithstanding this Court's authority to hear an appeal of the Class Claim Order by right, Appellants have agreed to voluntarily dismiss the Appeal without prejudice pending the outcome of the bankruptcy court's determination on class certification or the class claim, such that this Appeal can be heard with any subsequent appeal of a determination on class certification or the class claim, if any.

---

[2] Appellants raise several other important issues on Appeal, including the Bankruptcy Court's error in permitting the Committee to file a class claim, as well as the Bankruptcy Court's abuse of discretion in permitting a class claim even though certain determinative factors weighed against permitting the class claim.  *See* Statement of Issues at 12; *see generally* Class Claim Objection.

## **CONCLUSION**

For the forgoing reasons, the Court should enter the Stipulation, thus mooting the relief sought by Cross-Appellants.

[*Remainder of page intentionally left blank*]

Dated:     New York, New York
                June 12, 2023

Respectfully submitted,

/s/ *Dennis F. Dunne*
Dennis F. Dunne
Nelly Almeida
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel:  (212) 530-5000
Fax: (212) 660-5219
Email: ddunne@milbank.com
       nalmeida@milbank.com

- and -

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel:  (202) 835-7500
Fax: (202) 263-7586
Email: aleblanc@milbank.com
       mwyanez@milbank.com

*Counsel to Community First Partners, LLC, Celsius SPV Investors, LP, and Celsius New SPV Investors, LP*

/s/ *Joshua M. Mester*
Joshua M. Mester (*pro hac vice* application forthcoming*)*
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel:  (213) 489-3939
Fax: (213) 243-2539
Email: jmester@jonesday.com

*Counsel to CDP Investissements Inc.*

- 10 -

# **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

This document complies with the type-volume limit of Federal Rule of Bankruptcy Procedure 8013(f)(3)(A) because, excluding the parts of the document exempted by Federal Rule of Bankruptcy Procedure 8015(g), this document contains less than 5,200 words.  This document also complies with the typeface and type-style requirements of Federal Rule of Bankruptcy Procedure 8013(f)(2).

Dated:   New York, New York
         June 12, 2023

                                      **MILBANK LLP**

                        By:  /s/ *Dennis F. Dunne*
                              Dennis F. Dunne